# IN THE COURT OF APPEALS OF IOWA

No. 16-0278
Filed July 27, 2016

IN THE MATTER OF C.I.T.,
Alleged to be Seriously
Mentally Impaired,

C.I.T.,
     Respondent-Appellant.
_____

    Appeal from the Iowa District Court for Johnson County, Kevin McKeever,
Judge.

    Appellant appeals from the district court's order finding him seriously
mentally impaired and continuing his involuntary commitment. **AFFIRMED.**

    Noelle R. Murray of Murray Law Office, P.L.C., Cedar Rapids, for
appellant.

    Thomas J. Miller, Attorney General, and Gretchen W. Kraemer, Assistant
Attorney General, for appellee State.

    Considered by Potterfield, P.J., and Mullins and McDonald, JJ.

**MULLINS, Judge.**

In January 2013, the State filed an application for involuntary hospitalization of C.I.T. That petition was granted and affirmed on appeal. *See In re C.I.T.*, No. 14-0760, 2015 WL 576172, at *1-2 (Iowa Ct. App. Feb. 11, 2015). By order dated January 13, 2016, the district court found the State had proven C.I.T. was seriously mentally impaired and ordered that C.I.T.'s involuntary hospitalization be continued. C.I.T. now appeals the district court's order, alleging there is not substantial evidence supporting that he is a danger to himself or others. *See* Iowa Code § 229.1(20) (2015) (defining "serious mental impairment" as a person (1) "with mental illness," (2) who "lacks sufficient judgment to make responsible decisions with respect to the person's hospitalization or treatment," and (3) who is dangerous because they are likely to physically injure themselves or others, likely to inflict serious emotional injury on certain persons, or unable to provide for their own needs so that it is likely they will suffer physical injury, debilitation, or death).

To determine that a person "poses a danger to himself or others," there must be "[e]vidence to support that judgment . . . in the form of a 'recent overt act, attempt or threat.'" *In re Foster*, 426 N.W.2d 374, 377 (Iowa 1988) (citation omitted). In its ruling, the district court credited the testimony of a state physician, who testified C.I.T. was involved in a physical altercation with another inmate in November of 2015, C.I.T. made threats against a staff member in 2015, and C.I.T. is likely to cause physical harm to others if not treated for his mental illnesses. On our review, we find there is substantial evidence to support the district court's findings.

We affirm without further opinion pursuant to Iowa Court Rule 21.26(b), (d), and (e).

**AFFIRMED.**